IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DIANA C. BERRIOS** <br>　　3310 Buchanan St. #202 <br>　　Mount Rainier, MD 20712 <br><br>　　　　Plaintiff, <br><br>v. <br><br>**GREEN WIRELESS, LLC,** <br>　　Serve: Michael Shin <br>　　5856 Silver Hill Rd. <br>　　Forestville, MD 20747 <br><br>**MICHAEL SHIN,** <br>　　13811 Outlet Dr. <br>　　Silver Spring, MD 20904 <br><br>**MICHAEL PAK** <br>　　13811 Outlet Dr. <br>　　Silver Spring, MD 20904 <br><br>　　　　Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * Case No. _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

Plaintiff, Diana C. Berrios (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby submits this Complaint against Green Wireless, LLC, Michael Shin, and Michael Pak (hereinafter "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Act, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.*

## PARTIES AND JURISDICTION

1. Plaintiff Diana C. Berrios is over twenty-one years of age and a resident of the State of Maryland.

2. Green Wireless, LLC is a corporation formed under the laws of the State of Maryland.

3. Michael Shin is an adult, over twenty-one years of age, and, upon information and belief, is a resident of the State of Maryland.

4. Michael Pak is an adult, over twenty-one years of age, and, upon information and belief, is a resident of the State of Maryland.

5. Green Wireless, LLC has operated continuously as a cell phone provider in the State of Maryland.

6. While working for Defendants, Plaintiff worked at several locations. She worked at a location in Chillum Maryland and a location in Greenbelt Maryland. Although these are separate stores, Ms. Berrios was paid from a central account. Defendants have, in total, roughly eleven storefront locations. Upon information and belief, other entities operated by Defendants include Silver Wireless, LLC and Max Mobile, LLC. These stores constitute a single enterprise.

7. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

8. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

9. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

10. At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

13. Green Wireless, LLC is a cell phone and cell phone plan provider.

14. During Plaintiff's employment, Michael Shin was the owner and co-manager of Green Wireless, LLC.

    a. During Plaintiff's employment, Michael Shin had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

    b. During the period of Plaintiff's employment, Michael Shin supervised or had the power to supervise the work duties of Plaintiff to ensure her work was of sufficient quality.

    c. During the period of Plaintiff's employment, Michael Shin set the work schedule or had the power to set and the work schedule of Plaintiff.

    d. During the period of Plaintiff's employment, Michael Shin set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

3

  e.  During the period of Plaintiff's employment, Michael Shin controlled, and was in charge of, the day-to-day operations of Green Wireless, LLC.

15. During Plaintiff's employment, Michael Pak was the co-manager of Green Wireless, LLC.

  a.  During Plaintiff's employment, Michael Pak had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

  b.  During the period of Plaintiff's employment, Michael Pak supervised or had the power to supervise the work duties of Plaintiff to ensure her work was of sufficient quality.

  c.  During the period of Plaintiff's employment, Michael Pak set the work schedule or had the power to set and the work schedule of Plaintiff.

  d.  During the period of Plaintiff's employment, Michael Pak set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

  e.  During the period of Plaintiff's employment, Michael Pak controlled, and was in charge of, the day-to-day operations of Green Wireless, LLC.

16. Ms. Berrios worked as a clerk for Defendants from about May 13, 2013 to September 5, 2014.

17. Defendants initially paid Ms. Berrios on an hourly basis. In December 2013, Defendants put Ms. Berrios on a salary and paid her $800.00 every two weeks. In March 2013, because Ms. Berrios was working many more hours, Defendants began paying Ms. Berrios $1,000.00 every two weeks. In addition to her salary, Defendants paid Ms. Berrios a commission of roughly $100.00 per month.

18. Ms. Berrios worked over forty hours per week for all or virtually all weeks during which Defendants paid her a salary. She often worked between 50 and 75 hours per week.

19. Defendants had knowledge that Ms. Berrios typically worked between 50 and 75 hours per week or suffered or permitted Ms. Berrios to work between 50 and 75 hours per week.

20. While paying Ms. Berrios a salary, Defendants failed to pay Ms. Berrios time and a half her "regular rate" for the hours she worked over forty.

21. At no time did Plaintiff perform work that meets the definition of exempt work under the MWHL, FLSA, or the MWPCA.

22. Defendants' failure to pay Plaintiff minimum wages and overtime, as required by the FLSA and the MWHL, was willful and intentional. Defendants have eleven stores and numerous employees. It is incomprehensible that Defendants were ignorant of their obligation to pay Ms. Berrios overtime. Additionally, there exists no *bona fide* dispute as to whether Defendants owe Plaintiff the aforementioned unpaid overtime.

## CAUSES OF ACTION

### COUNT I
### Fair Labor Standards Act
### (Overtime)

23. Plaintiff realleges and reasserts each and every allegation above, as if each were set forth herein.

24. The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

25. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1).

5

26. Defendants were the "employer" of Plaintiff under FLSA, 29 U.S.C. § 207(a)(2).

27. Defendants, as the employer for Plaintiff, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

28. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours.

29. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times her regularly hourly rate for overtime hours worked each week.

30. Defendants' failure and refusal to pay Plaintiff, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Maryland Wage & Hour Law
### (Overtime)

31. Plaintiff realleges and reasserts each and every allegation above, as if each were set forth herein.

32. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MWHL. As "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half (1½) times their regular hourly rate for all hours worked per week in excess of forty (40)

33. Plaintiff customarily worked more than forty (40) hours per week.

6

34. Defendants had actual and/or constructive knowledge of all hours worked by Plaintiff. Nonetheless, Defendants willingly and knowingly failed to pay Plaintiff time and a half her regular rate for the hours she worked over forty in each week.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such amounts to be proven at trial, plus an equal amount in liquidated damages, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### Maryland Wage Payment Collection Act

35. Plaintiff realleges and reasserts each and every allegation above, as if each were set forth herein.

36. Plaintiff was an "employee" of Defendants pursuant to MD. CODE ANN., LABOR & EMPLOY. § 3-501 and § 3-502.

37. Defendants were "employers" of Plaintiff pursuant to MD. CODE ANN., LABOR & EMPLOY. § 3-501 and § 3-502.

38. As Plaintiff's employer, Defendants were obligated to pay Plaintiff all wages due to for the work that he performed.

39. As detailed above, Defendants failed to compensate Plaintiff for wages it legally owed.

40. Defendants' failure and refusal to pay these wages due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants: (a) for three times the amount of all unpaid minimum wages that Defendants failed to pay Plaintiff, as provided by § 3-507.2; (b) for attorneys' fees, costs, and expenses of this action, incurred as a

result of Defendants' failure to pay Plaintiff what was legally owed to him; and (c) for such other legal and equitable relief from Defendants unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

_____
Michael K. Amster (Bar ID 18339)
ZIPIN, AMSTER & GREENBERG, LLC
836 Bonifant Street
Silver Spring, MD 20910
301-587-9373 – Telephone
301-587-9397 – Facsimile
mamster@zagfirm.com – e-mail

*Counsel for Plaintiff*