IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DIANA C. BERRIOS,

    Plaintiff,

v.                                         Case No.: GJH-14-3655

GREEN WIRELESS, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Diana C. Berrios filed this action against her former employers Green Wireless, LLC, Michael Shin, and Michael Pak, alleging failure to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Article § 3-501 *et seq.* ECF No. 1. Presently pending before the Court are several motions: (1) Plaintiff's Motion for Default Judgment, ECF No. 18; (2) Plaintiff's Motion to Strike, ECF No. 21; (3) Defendant's Motion to Deny, or in the Alternative, Determine Reasonableness of Attorneys' Fees, ECF No. 22; and (4) a Joint Motion to Approve Consent Judgment, ECF No. 26. For the reasons that follow, the Joint Motion to Approve Consent Judgment will be granted, and all other motions will be denied.

**I.    BACKGROUND**

According to the Complaint, Green Wireless is a cell phone and cell phone plan provider, and Mr. Shin is the owner and co-manager of the company. ECF No. 1 at ¶¶ 13–14. Mr. Pak is also a co-manager, and both he and Mr. Shin had power to hire, fire, suspend, and otherwise

discipline Plaintiff. *Id.* at ¶¶ 14–15. Plaintiff began working at Green Wireless in May 2013 and was initially paid on an hourly basis. *Id.* at ¶¶ 16–17. In December 2013, she was put on an $800 biweekly salary, and in March 2013, that salary was increased to $1000. *Id.* at ¶ 17. In addition to her salary, Plaintiff was also paid a commission of roughly $100 per month. *Id.*

Plaintiff frequently worked in excess of 40 hours per week, often between 50 and 75 hours per week, but she was never paid overtime wages for such excess hours. *Id.* at ¶¶ 18–20. Plaintiff alleges that she did not perform any work that was exempt from the minimum wage and overtime pay requirements of the FLSA, MWHL, or MWPCA. *Id.* at ¶ 21.

Plaintiff initiated this action on November 20, 2014. After serving all three defendants and hearing no response, Plaintiff filed Motions for Clerk's Entry of Default. ECF Nos. 6 & 15. Default was entered against Green Wireless on March 30, 2015, and against Messrs. Shin and Pak on September 1, 2015. ECF Nos. 8 & 16. Plaintiff then moved for default judgment against all three Defendants on October 22, 2015. ECF No. 18. Mr. Shin then appeared, by counsel, and filed an Answer to the Complaint on November 16, 2015, which Plaintiff has moved to strike. ECF Nos. 20 & 21. Mr. Shin then filed a Motion to Deny, or in the Alternative, Determine Reasonableness of Attorneys' Fees, ECF No. 22, in which he challenges the costs and attorneys' fees calculations in Plaintiff's Motion for Default Judgment.

While these motions were pending, Mr. Shin made an offer to Plaintiff that judgment be entered against him in the amount of $3,000, exclusive of attorneys' fees and costs. Plaintiff notified the Court of her acceptance of that offer on December 15, 2015, and these two Parties now jointly move for the Court to approve the consent judgment. ECF Nos. 24 & 26.

## II.     DISCUSSION

### A. Motion to Approve Consent Judgment

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).[1] These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employee[] . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. To do so, courts examine "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

In determining whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed agreement.

---

[1] *See also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) (noting that "[a]lthough the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." (internal quotation marks and citation omitted))

*See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310 (AJT/JFA), 2009 WL 3094955, at *16–17 (E.D. Va. Sept. 28, 2009). Here, Plaintiff alleges that she never performed work that was exempt from the provisions of the FLSA and Maryland wage and hour laws and that she is therefore entitled to $2,017.84 in unpaid overtime wages. ECF No. 1 at ¶ 21. She also alleges that the denial of overtime wages was willful and intentional, and that she is therefore entitled to additional liquidated damages. ECF No. 18-1 at 3. Mr. Shin, however, contends that Plaintiff was a manager and was exempt from the overtime provisions and is therefore entitled to no damages. ECF No. 22-1 at 2. Under these circumstances, a bona fide dispute exists regarding liability under the FLSA.

To determine whether the parties' resolution of the dispute is "fair and reasonable," the Court considers several factors including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Duprey*, 30 F. Supp. 3d at 409 (internal quotation marks and citations omitted). Here, although the Parties have not engaged in any formal discovery, Plaintiff represents that she possesses all of the documents necessary to determine her damages. Given the current stage of the litigation, significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP, Inc.*, No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Because Plaintiff's claim is relatively small, the Parties prefer to resolve this matter as efficiently as possible. Additionally, there has been no evidence to suggest any fraud or collusion in Plaintiff's agreement to accept Mr. Shin's offer of judgment, and counsels' filings demonstrate that this agreement was achieved after each party, with the

advice of their respective counsel, considered the potential value of Plaintiff's claims, considered the strengths and weaknesses of Mr. Shin's defenses, and determined that the Rule 68 offer of judgment was in their best interests. ECF No. 26 at 3. Furthermore, counsel are competent and experienced, as evidenced by their filings submitted to date and their prior involvement in federal litigation in this district.

The offer of judgment entitles Plaintiff to $3,000, exclusive of attorneys' fees and costs. ECF No. 24. This figure entitles Plaintiff to roughly 150% of her total unpaid overtime. Although this amount is less than the total damages she sought in her Motion for Default Judgment, the Parties took into account the risks attendant with litigation, as well as the possibility that, even if liability were found, Plaintiff may not be entitled to additional liquidated damages, and they each determined that this offer represented a fair settlement of Plaintiff's claims. Thus, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect[] a reasonable compromise over issues actually in dispute." *Saman*, 2013 WL 2949047, at *5 (internal quotation marks and citation omitted).

Because the Parties have not provided for attorneys' fees in their offer of judgment, the Court need not address that issue in considering its reasonableness. Pursuant to Local Rule 109.2, Plaintiff's motion for attorneys' fees is due within fourteen days of the entry of judgment. The Court understands that Mr. Shin may dispute Plaintiff's request for attorneys' fees and costs. Any objections to Plaintiff's request is more appropriately raised through a response in opposition to Plaintiff's motion, if one is filed, after the entry of judgment. Accordingly, his Motion to Deny, or in the Alternative, Determine Reasonableness of Attorneys' Fees, ECF No. 22, is denied.

### B. Remaining Motions

Also pending before the Court is Plaintiff's Motion for Default Judgment against all three defendants, ECF No. 18, and her Motion to Strike the answer to her Complaint filed by Mr. Shin, ECF No. 21. The Motion to Strike is now moot in light of Plaintiff's acceptance of Mr. Shin's offer of judgment and the Court's approval thereof, and her Motion for Default Judgment with respect to Mr. Shin is similarly moot. As to the two remaining defendants, it is unclear whether, in light of the settlement with Mr. Shin, Plaintiff intends to seek additional damages from Green Wireless or Mr. Pak. Accordingly, Plaintiff's Motion for Default Judgment will be denied without prejudice. Plaintiff may refile her motion against the remaining defendants within fourteen days of the accompanying Order.

### III. CONCLUSION

The Parties' Joint Motion to Approve Consent Judgment, ECF No. 26, is **GRANTED** and the offer of judgment is **APPROVED**. Plaintiff's Motion for Default Judgment, ECF No. 18, is **DENIED** without prejudice. Plaintiff's Motion to Strike, ECF No. 21, is **DENIED** as moot, and Defendant's Motion to Deny, or in the Alternative, Determine Reasonableness of Attorneys' Fees is **DENIED**. A separate Order follows.

Dated: April 18, 2016

GEORGE J. HAZEL
United States District Judge