IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **DIANA C. BERRIOS** | * | |
| **Plaintiff,** | * | |
| v. | | **Case No.: GJH-14-3655** |
| | * | |
| **GREEN WIRELESS, LLC, et al.** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Presently pending before the Court is Diana C. Berrios' ("Plaintiff") Motion for

Attorneys' Fees, ECF No. 31, arising out of her successful lawsuit against Michael Shin

("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

the Maryland Wage and Hour Law ("MWHL"), Md. Code. Lab. & Empl. § 3-401 *et seq.*, and the

Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Article §

3-501*et seq.* No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons,

Plaintiff's Motion for Attorneys' Fees is granted, in part.

## I.      BACKGROUND

This case began as a lawsuit against Plaintiff's former employers Green Wireless, LLC,

Michael Shin, and Michael Pak, for unpaid overtime wages.[1] ECF No. 1. After serving all three

defendants and hearing no response, Plaintiff filed Motions for Clerk's Entry of Default. ECF

Nos. 6 & 15. Default was entered against Green Wireless on March 30, 2015, and against

---

[1] Plaintiff has only obtained judgment against one defendant, Michael Shin. If Shin satisfies the judgment, Plaintiff intends to dismiss the remaining defendants. ECF No. 31 at 1.

Messrs. Shin and Pak on September 1, 2015. ECF Nos. 8 & 16. Plaintiff then moved for default

judgment against all three Defendants on October 22, 2015. ECF No. 18. While this motion was

pending, Mr. Shin made an offer to Plaintiff that judgment be entered against him in the amount

of $3,000, exclusive of attorneys' fees and costs. Plaintiff notified the Court of her acceptance of

that offer on December 15, 2015, and the Court approved the consent judgment on April 18,

2016. ECF No. 29. Plaintiff's Default Judgment as to the remaining Defendants was denied

without prejudice. *Id.*

In the presently pending motion, Plaintiff requests $15,036.50 in attorneys' fees and

expenses, based on 53.8 hours of work completed by two attorneys and several paralegals from

the law firm of Zipin, Amster & Greenberg, LLC, and $795.00 in litigation related costs. ECF

No. 31-3. Defendant submitted a Response to Plaintiff's Motion on May 19, 2016, arguing that

the Court should deny Plaintiff's request for attorney's fees in full, or in the alternative, reduce

the award to reflect a reasonable rate of fees and costs. ECF No. 32. Plaintiff filed a Reply in

support of their Motion on May 31, 2016, and noted that the total compensable hours had risen to

58.6 for a total of $15,657.50 in attorney's fees. ECF No. 33.

## II.    STANDARD OF REVIEW

The payment of attorney's fees and costs to employees who prevail on FLSA claims is

mandatory, 29 U.S.C. § 216(b), while the amount awarded is within the sound discretion of the

trial court. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). To recover attorney's fees and

costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a

"generous formulation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is a

"prevailing party" for the purpose of attorney's fees if the plaintiff succeeds "on any significant

issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.*

2

Plaintiff here obtained payment following a Rule 68 Offer of Judgment, which was affirmed by this Court, and is therefore a "prevailing party" entitled to attorney's fees. This contention is not disputed by the parties.

The most useful starting point for establishing the proper amount of an award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Caperton*, 31 F.3d. at 175 (citing *Hensley*, 461 U.S. at 437). "When the plaintiff prevails on only some of the claims, the number of hours may be adjusted downward; but where full relief is obtained, the plaintiff's attorney should receive a fully compensatory fee and in cases of exceptional success, even an enhancement." *Id.* at 174–75 (internal citations omitted). In assessing the overall reasonableness of the lodestar, the court may also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) ("the Johnson factors"), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the questions raised; (3) The skill requisite to perform the legal services properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship between the attorney and the client; and (12) Attorney's fee awards in similar cases.

*See Caperton*, 31 F.3d at 175. These factors, however, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate [, *i.e.,* the lodestar]." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013)(quoting *Hensley v. Eckerhart*,

3

461 U.S. 424, 434 n. 9). Furthermore, "[i]n considering the Johnson/Barber factors, the court is to consider all twelve factors, but need not robotically list each factor or comment on those factors that do not apply." *Dodeka, L.L.C. v. AmrolDavis*, No. 7:10-CV-17-D, 2010 WL 3239117, at \*2 (E.D.N.C. Aug. 16, 2010).

## III.   DISCUSSION

### A. Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). "[D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)(citation omitted). As part of its inquiry, the court may rely on "affidavits from other attorneys attesting to the reasonableness of the hourly rates," and also the court's "knowledge of the market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at \*3 (D. Md. Aug. 11, 2011). In this District, the Court's "market knowledge" is set forth in Appendix B of the U.S. District Court of Maryland Local Rules, which provides Guidelines Regarding Hourly Rates based upon length of professional experience, as follows:

> (a) Lawyers admitted to the bar for less than five (5) years: \$150-225.
> (b) Lawyers admitted to the bar for five (5) to eight (8) years: \$165-300.
> (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: \$225-350.
> (d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: \$275-425.
> (e) Lawyers admitted to the bar for twenty (20) years or more: \$300-475.

(f)  Paralegals and law clerks: $95-150.

Loc. R. App. B(3) (D. Md. 2016). Plaintiff asks the Court to award attorney's fees at the

following hourly rates: Michael Amster: $295.00 (barred since 2009); Jason Friedman: $225.00

(barred since 2012); and paralegals: $135.00. ECF Nos 31 & 31-3 ¶¶ 1-2.[2] Plaintiff submits

declarations from Mr. Amster, lead counsel, and Daniel A. Katz, a local Maryland attorney, to

support the reasonableness of the requested rates. ECF Nos. 31-3 & 31-4. Defendant argues that

the rates for Amster and Friedman, which are both at the high end of the local guidelines for

lawyers with similar experience, should be reduced. ECF No. 32 at 7.[3]

As the above-requested rates are within local guidelines and have recently been approved

by other judges within this district for similar work, the Court finds that they are reasonable. *See*

*e.g. Sequeira Castillo v. D & P Prof'l Servs., Inc.*, No. CV DKC 14-1992, 2015 WL 6437257, at

*1 (D. Md. Oct. 21, 2015)(approving rate of $295 for Amster in a FLSA case); *McFeeley v.*

*Jackson St. Entm't, LLC*, No. CV DKC 12-1019, 2016 WL 4269042, at *2 (D. Md. Aug. 15,

2016)(approving rate of $295 for Amster, $225 for Freidman and $135 for paralegals in a FLSA

case).

### B.  Reasonable Hours

As required by Appendix B of the Local Rules, counsel for Plaintiff submitted their fee

application accompanied by time records organized by litigation phase, requesting compensation

for 58.6 hours of work. ECF Nos. 31-3 & 33. Defendant has raised general objections to the

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Defendant also argues that the Court should not rely on the declaration of Mr. Katz because Mr. Katz states that the requested rates were reasonable in part, because the case was "successfully navigated through discovery," which did not in fact occur. ECF No. 32; *see also* ECF No. 31-4 ¶ 8. The Court acknowledges this discrepancy but does not believe that it makes the otherwise comprehensive declaration unreliable. The Court also notes that it would have reached the same conclusion regarding the reasonableness of counsel's rates without Mr. Katz's declaration.

amount of compensable hours sought by Plaintiff, along with objections to specific time entries. The Court will offer a summation of the arguments raised and its own determination herein.

Defendant first argues that Plaintiff should be completely barred from recovering attorneys' fees due to "Plaintiff's unethical conduct in claiming attorney's fees of $2,500.00, which he admittedly had not incurred," in his initial demand letter. ECF No. 32 at 3. "Bad faith may be 'evidenced by an intentional advancement of a baseless contention ... made for ulterior purposes,' but 'mere negligence or error does not constitute bad faith.'" *Dahl v. Aerospace Employees' Ret. Plan of the Aerospace Corp.*, No. 1:15CV611 (JCC/IDD), 2015 WL 7777989, at *3 (E.D. Va. Dec. 1, 2015)(internal citations omitted)(discussing bad faith in determining whether to award discretionary attorney's fee under ERISA). The Court finds that Plaintiff's statement regarding attorney's fees in his initial demand letter is insufficient grounds to bar Plaintiff's recovery. Although perhaps not clearly stated in the initial demand letter, the Court construes the request for $2,500 in attorneys' fees either as a reasonable estimate of fees that would be incurred to bring the case to resolution or an opening proffer from which to negotiate, and does not find that it rises to the level of bad faith.

Next, Defendant argues that Plaintiff expended an unreasonably high number of hours working on a case that did not involve any court appearances, discovery or depositions. ECF No. 32 at 5. In particular, Defendant notes that Plaintiff spent 13.5 hours drafting a Motion for Default Judgment and 7.3 hours drafting the instant fee petition. ECF No. 32 at 5. Plaintiff counters by arguing that they have presented accurate records of the time spent on this matter to the Court, which involved filing a Complaint, two Motions for Alternative Service, a Motion for Entry of Default, a Motion for Default Judgment, a Joint Motion for Approval of Settlement and a Fee Petition. ECF No. 31-1. They further argue that Defendant's "sloppy and aggressive

6

defense of Plaintiff's claims" necessitated any extra work. ECF No. 33 at 7. Contentious litigation, as here, will surely result in a lengthier, costlier, resolution of the case. The Court observes that much of the work Plaintiff billed for appears to have been dedicated to obtaining service on the Defendants,[4] and then working towards settlement of the case. Therefore, the Court does not find Plaintiff's requested hours to be unreasonable. However, the Court notes that there is an entry for Roy Lyford-Pike, billing at a rate of $205.00, for .2 hours spent preparing a quarterly report. The Court has received no information regarding the role or background of this timekeeper; thus, his hours will be removed. Subtracting that entry, the Court finds that Plaintiff's remaining request for 58.4 hours of compensable work is reasonable.

### C.  Calculation of Lodestar

As the Court has determined that Plaintiff's proposed rates and hour are reasonable, the lodestar is equal to Plaintiff's request of $15,657.50, minus the unexplained charges for Mr. Lyford-Pike. Therefore, the record justifies a final lodestar of $15,616.00.[5]

### D.  Adjustments to Lodestar: *Johnson* Factors and Plaintiff's Level of Success[6]

Plaintiff also argues that the *Johnson* factors support their requested award of attorneys' fees and costs, emphasizing in particular counsel's skill and experience and the fact that Plaintiff obtained a significant recovery in the amount of $3,000.00, equivalent to 150% of Plaintiff's unpaid overtime wages. ECF No. 31 at 11. Defendant argues that the *Johnson* factors warrant a downward departure, emphasizing the routine nature of the case, the lower customary fee for like work, and the discrepancy between the amount in controversy and the results obtained.

---

[4] Plaintiff's efforts to serve Shin are detailed in their Motion for Alternative Service, which was granted by the Court. *See* ECF Nos. 10 & 11.
[5] The lodestar is calculated as follows: $15,657.50 – (.2 * $205.00) = $15,616.00
[6] The Supreme Court has "recently shed doubt on the reliability" of utilizing the twelve *Johnson* factors, arguing that such an approach may lead to subjective application and disparate results. *See Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645–646 (D. Md. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Accordingly, the Court will only address the factors that are relevant and raised by the parties.

Specifically, Defendant argues that Plaintiff's fee award should be significantly decreased because the requested fees over $15,000.00 are over five times as large as Plaintiff's $3,000.00 damage award. ECF No. 32 at 11. "However, 'a substantial disproportionality between a fee award and a verdict, standing alone, may not justify a reduction in attorney's fees.'" *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 676 (4th Cir. 2015)(quoting *McAfee v. Boczar*, 738 F.3d 81, 94 (4th Cir. 2013)). In fact, such a discrepancy is common in FLSA cases, "where vulnerable plaintiffs may be vindicating important rights that entitle them to relatively modest compensation." *Reyes v. Clime*, No. PWG-14-1908, 2015 WL 3644639, at *4 (D. Md. June 8, 2015)(approving $15,516.00 in attorney's fees where Plaintiff recovered approximately $8,000.00). Thus, the Court does not find that this factor warrants a downward departure. Furthermore, the Court finds that other such considerations regarding Plaintiff's hours and rate were "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate [, *i.e.,* the lodestar]." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013)(quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9). Therefore, the Court does not find the application of any other of the *Johnson* factors here warrant a departure from the lodestar amount.

Finally, Plaintiff's level of success warrants an award of the full lodestar amount. "The Fourth Circuit has described the analysis of the level of success as the third step of a fee calculation, noting that courts 'should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *McFeeley v. Jackson St. Entm't, LLC*, No. CV DKC 12-1019, 2016 WL 4269042, at *3 (D. Md. Aug. 15, 2016)(quoting *McAfee*, 738 F.3d at 88). "What the court must ask is whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Doe v.*

*Kidd*, 656 F. App'x 643, 657 (4th Cir. 2016)(quoting *Hensley*, 461 U.S. at 434)). Here, Plaintiff

succeeded on her single claim, receiving the equivalent of 150% of her unpaid overtime wages.

ECF No. 31 at 11. Thus, the Court finds that Plaintiff's recovery justifies the fee award.

### E. Costs

Plaintiff also requests reimbursement for the following costs: $400 filing fee; $230.00

Tracer Invoice for Process of Service on Michael Pak; $55.00 Tracer Invoice Affidavit of

Evasion on Michael Pak; $55.00 Tracer Invoice Service of Process Inv. 103569; and $55.00

Tracer Invoice Service of Process Inv. 103570. ECF No. 31-2. Defendant argues that all but the

filing fee should be disallowed, as two of the Tracer invoices refer specifically to Michael Pak,

another defendant, and the other two invoices do not reference a specific defendant. Plaintiff did

not address this argument in their Reply, nor did they take the opportunity to specify which costs

applied to which defendants.

As the Fourth Circuit recently said in a related discussion regarding the division of

attorney fees between multiple defendants,

> [t]he proposition that district courts have discretion over the proper allocation of a
> fee award among multiple defendants is widely recognized. Options available to a
> court may include: dividing the award equally among the defendants;
> apportioning the award according to the defendants' relative culpability; awarding
> fees in the same proportions as [the] jury assessed actual damages; or holding a
> single defendant liable for fees related to a claim for which that defendant was
> solely or largely responsible. A court is free to combine two or more of these
> methods, or it may select another method entirely.

*Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 677 (4th Cir. 2015)(internal

quotations and citations omitted). This logic easily transfers to the question of how to divide

costs among multiple defendants. Here, where the statute at issue would likely provide joint and

several liability for the Defendants,[7] it makes sense to award Plaintiff the relatively limited costs

---

[7] In addition to Shin, the instant Defendant who judgment was entered against, the remaining Defendants here are

incurred in pursuing all three Defendants.  As the requested costs are otherwise reasonable, the Court will grant total costs of $795.00.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees, ECF No. 31, is granted in part. Applying the aforementioned reductions, Plaintiffs are awarded $16,411.00 in attorney's fees and costs.[8] Additionally, the Court notes that the Plaintiff previously stated its intent to dismiss the remaining defendants upon the satisfaction of the judgment awarded against Defendant Shin. ECF No. 31 at 1. As that judgment has been satisfied, ECF No. 34, the remaining claims are dismissed. A separate Order shall issue.

Date: December 27, 2016

George J. Hazel
United States District Judge

---

Green Wireless, LLC, and Michael Pak, Shin's co-manager. ECF No. 1. "[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions." *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006)(quoting 29 C.F.R. § 791.2(a)).
[8] $15,616.00 (total attorney's fees awarded) + $795.00 (total costs awarded) = $16,411.00.