FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAY 15 P 1:28

CLERK'S OFFICE
AT GREENBELT

BY_____

IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
Southern Division

| | | |
|---|---|---|
| **DIANA C. BERRIOS** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-3655 |
| | * | |
| **GREEN WIRELESS, LLC, et al.** | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Presently pending before the Court is Plaintiff Diana C. Berrios' Motion to Vacate and Reinstate, ECF No. 40, requesting that the Court re-open the above-referenced case and allow her claims against two previously dismissed defendants, Green Wireless, LLC, ("Green Wireless") and Michael Pak, to proceed. For the following reasons, Plaintiff's motion is granted.

**I.     BACKGROUND**

A complete discussion of the factual and procedural background of this case can be found in the Court's prior opinions. *See Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2016 WL 1562902 (D. Md. Apr. 18, 2016) (hereinafter, "*Consent Judgment Opinion*") and *Berrios v. Green Wireless, LLC.*, No. GJH-14-3655, 2016 WL 7451297 (D. Md. Dec. 27, 2016) (hereinafter, "*Attorney's Fees Opinion*"). Thus, the Court will only discuss the factual and procedural details necessary to resolve the present motion.

Plaintiff filed the Complaint against her employers Green Wireless, a cell phone and cell phone plan provider; Shin, the owner and manager; and Pak, the co-manager. ECF No. 29 at 1-

1

2.[1] The Complaint alleged a failure to pay her overtime wages, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Maryland state laws. *Id.* at 1. On October 22, 2015, a Motion for Default Judgment was filed as to all Defendants. ECF No. 18. On April 18, 2016, the Court approved a consent judgment between Plaintiff and Shin. ECF No. 29. In the same opinion, the Court stated that "it is unclear whether, in light of the settlement with Mr. Shin, Plaintiff intends to seek additional damages from Green Wireless or Mr. Pak." *Id.* at 6. Thus, the Court denied Plaintiff's Motion for Default Judgment as to Defendants Pak and Green Wireless without prejudice, explaining that Plaintiff "may refile her motion against the remaining defendants within fourteen days of the accompanying Order." *Id.*

Plaintiff did not refile the motion. Instead, in a footnote in her subsequent Motion for Attorney's Fees, Plaintiff stated her intention to dismiss the remaining defendants "if this judgment [against Defendant Shin], along with any modification for attorney fees, is fully satisfied." ECF No. 31 at 1. Plaintiff further stated that "in the event that this judgment is not paid, Plaintiff intends to prosecute her claims as to the two remaining defendants." *Id.*

On July 7, 2016, Plaintiff requested that the Clerk "mark the judgment of $3,000.00 as having been paid" but noting that because Plaintiff's Motion for Attorney's Fees was still pending, Plaintiff's claim for attorney's fees and cost had not been satisfied. ECF No. 34.

On December 27, 2016, the Court awarded Plaintiff $16,4110.00 in attorney's fees and costs. *Attorney's Fees Opinion*, 2016 WL 7451297, at *5. In that same opinion, the Court dismissed the remaining claims against Defendants Pak and Green Wireless, noting that "the Plaintiff previously stated its intent to dismiss the remaining defendants upon the satisfaction of the judgment awarded against Defendant Shin…[and] [a]s that judgment has been satisfied…the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

remaining claims are dismissed." *Id.* On January 3, 2017, Defendant Shin appealed the *Attorney's Fees Opinion* to the United States Court of Appeals for the Fourth Circuit. ECF No. 37. On January 5, 2017, Plaintiff filed a Motion to Vacate and Reinstate, requesting that the Court re-open the case and allow her previously dismissed claims against Defendants Pak and Green Wireless to proceed. ECF No. 40.

## II. DISCUSSION

Plaintiff moves for the Court to vacate its December 27, 2016 order dismissing Defendants Pak and Green Wireless, pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b). No responses have been filed by any of the Defendants in opposition to this motion.

As a threshold matter, the Court must determine whether or not it has jurisdiction to hear this issue because its prior opinion in this case, the *Attorney's Fees Opinion*, is on appeal to the Fourth Circuit. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) (per curiam). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id.* (citation omitted). However, "the rule only applies to prevent a trial court from taking actions that might duplicate or confuse issues before the appellate court." *Crutchfield v. U.S. Army Corps of Engineers*, 230 F. Supp. 2d 673, 680 (E.D. Va. 2002). The following issues are on appeal: "(1) Did the District Court abuse its discretion in declining to apply all of the *Johnson* factors when determining the reasonableness of expended hours and charged rates? [and] (2) Did the District Court abuse its discretion in finding that the Appellee Diana Berrios was entitled to attorneys' fees and costs of $16,441.00 against Appellant

3

Michael Shin?" *Brief for Appellant* at 7, *Berrios v. Shin*, No. 17-1008 (4th Cir. Mar. 1, 2017). Thus, nothing that this Court decides with respect to the claims against the remaining Defendants, Green Wireless and Pak, would duplicate or confuse issues before the Fourth Circuit.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n. 4 (4th Cir. 2011). "A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls." *Cross v. Fleet Reserve Ass'n Pension Plan*, No. 05-0001, 2010 WL 3609530, at *2 (D. Md. Sept.14, 2010). Here, Plaintiff filed her motion nine days after the entry of judgment. Thus, while Plaintiff purports to bring her motion under both rules, the Court will analyze her claim under the framework of Rule 59(e).

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, the Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire*

*Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. 1:14-cv-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015)).

Here, Plaintiff requests that the Court vacate its prior judgement because "the Court's rationale for dismissing Plaintiff's claims against Green Wireless and Michael Pak [was] premised on an incomplete reading of Plaintiff's Fee Petition." ECF No. 40 at 3. In their Motion for Attorney's Fees, Plaintiff stated their intention to dismiss the remaining defendants "if this judgment [against Defendant Shin], **along with any modification for attorney fees**, is fully satisfied." ECF No. 31 at 1 (emphasis added). In its prior opinion, the Court, observing that the $3,000.00 judgement had been satisfied, dismissed the remaining claims against Defendants Pak and Green Wireless. *Attorney's Fees Opinion*, 2016 WL 7451297, at *5. Therefore, Plaintiff is correct that the Court misunderstood Plaintiff's intentions and failed to recognize that Plaintiff intended to dismiss the remaining claims only after judgement had *also* been satisfied as to the attorney's fees.

As the Court's underlying decision regarding attorney's fees is still under appeal, judgment has not been fully satisfied against Defendant Shin. Thus, the Court finds that it was clear error to dismiss the claims against Defendants Green Wireless and Pak. Furthermore, the Court notes that Plaintiff's Motion has been made without objection by any of the Defendants. Thus, the Court will alter its judgment and permit the claims against Defendants Green Wireless and Pak to proceed.

5

However, this does not signify that the Court will allow this case to languish. The Court therefore orders Plaintiff to either move for default judgment as to Defendants Green Wireless and Pak, or request a stay in the proceedings pending the resolution of the on-going appeal within fourteen days of the accompanying Order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Judgment, ECF No. 40, shall be granted. A separate Order follows.

Dated: May 15, 2017

_____
GEORGE J. HAZEL
United States District Judge