IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|                              |   |                            |
|------------------------------|---|----------------------------|
| DIANA C. BERRIOS,            | * |                            |
| Plaintiff,                   | * | Case No.: GJH-14-3655      |
| v.                           | * |                            |
| GREEN WIRELESS, LLC, *et al.* | * |                            |
| Defendants.                  | * |                            |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before the Court is Plaintiff Diana C. Berrios' Renewed Motion for Default Judgment as to Defendants Green Wireless, LLC ("Green Wireless") and Michael Pak. ECF No. 47. The motion arises out of a lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Lab. & Empl., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl., § 3-501 *et seq.* No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's motion is granted.

I.   BACKGROUND

A complete discussion of the factual and procedural background of this case can be found in the Court's prior opinions. *See Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2016 WL 1562902 (D. Md. Apr. 18, 2016) (hereinafter, "*Consent Judgment Opinion*"), *Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2016 WL 7451297 (D. Md. Dec. 27, 2016) (hereinafter, "*Attorney's Fees Opinion*"), and *Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2017 WL

1

2120038 (D. Md. May 15, 2017) (hereinafter, "*Reinstatement Opinion*"). Thus, the Court will only discuss the factual and procedural details necessary to resolve the present motion.

Plaintiff filed the instant Complaint against her employers Green Wireless, a cell phone and cell phone plan provider; Michael Shin, the owner and manager; and Pak, the co-manager. ECF No. 1.[1] The Complaint alleges that Defendants failed to pay her overtime wages in violation of the FLSA, MWHL, and MWPCL. After Defendants failed to file an Answer to Plaintiff's Complaint, the Clerk's Office entered an Order of Default against Defendant Green Wireless on March 30, 2015 and Defendants Shin and Pak on September 1, 2015. *See* ECF Nos. 8, 16. On October 22, 2015, Plaintiff filed a Motion for Default Judgment against all Defendants. ECF No. 18. On April 18, 2016, the Court approved a consent judgment between Plaintiff and Shin. *Consent Judgment Opinion*, ECF No. 29. In the same opinion, the Court stated that "it is unclear whether, in light of the settlement with Mr. Shin, Plaintiff intends to seek additional damages from Green Wireless or Mr. Pak." *Id.* at *3. Thus, the Court denied Plaintiff's Motion for Default Judgment as to Defendants Pak and Green Wireless without prejudice, explaining that Plaintiff "may refile her motion against the remaining defendants within fourteen days of the accompanying Order." *Id.*

Plaintiff did not refile the motion within that time period. Instead, in a footnote in her subsequent Motion for Attorney's Fees against Shin, Plaintiff stated her intention to dismiss the remaining defendants "if this judgment [against Defendant Shin], along with any modification for attorney fees, is fully satisfied." ECF No. 31 at 1. Plaintiff further stated that "in the event that this judgment is not paid, Plaintiff intends to prosecute her claims as to the two remaining defendants." *Id.*

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

On July 7, 2016, Plaintiff requested that the Clerk "mark the judgment of $3,000.00 as having been paid" but noted that because Plaintiff's Motion for Attorney's Fees was still pending, Plaintiff's claim for attorney's fees and cost had not been satisfied. ECF No. 34.

On December 27, 2016, the Court awarded Plaintiff $16,4110.00 in attorney's fees and costs. *Attorney's Fees Opinion*, ECF No. 35. In that same opinion, the Court dismissed the remaining claims against Defendants Pak and Green Wireless, noting that "the Plaintiff previously stated its intent to dismiss the remaining defendants upon the satisfaction of the judgment awarded against Defendant Shin . . . [and] [a]s that judgment has been satisfied . . . the remaining claims are dismissed." *Id.* On January 3, 2017, Defendant Shin appealed the *Attorney's Fees Opinion* to the United States Court of Appeals for the Fourth Circuit. ECF No. 37. On May 15, 2017, while the appeal was pending, the Court granted Plaintiff's Motion to Vacate and Reinstate her previously dismissed claims against Defendants Pak and Green Wireless under Fed. R. Civ. P. 59(e). *See Reinstatement Opinion*, ECF No. 41. The Court determined that its prior dismissal of Defendants Pak and Green Wireless was in error because Plaintiff only intended to dismiss these defendants if the judgment against Defendant Shin, including any award of attorney fees, was fully satisfied. *Id.* at *3. Because the *Attorney's Fees Opinion* was pending appeal, the award had not been satisfied, and the Court reinstated Plaintiff's claims against Defendants Pak and Green Wireless. *Id.* The Court then granted Plaintiff a stay pending resolution of the appeal, ECF No. 44, but the Fourth Circuit determined that in light of the *Reinstatement Opinion*, the *Attorney's Fees Opinion* was no longer a final order and dismissed Shin's appeal for lack of jurisdiction. *See Berrios v. Shin*, 700 F. App'x 222 (4th Cir. 2017) (citing Fed. R. App. P. 4(a)(4)(B)(i)) (docketed as ECF No. 45-1). Plaintiff's Renewed Motion for Default Judgment as to Defendants Pak and Green Wireless, ECF No. 47,

3

followed and is now pending. Defendants Pak and Green Wireless have not responded to the Motion.

## II. STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

4

While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. DISCUSSION

#### A. Liability

The FLSA and MWHL require that any employee who works more than forty hours in a workweek be paid one-and-one-half times their regular rate of pay for each additional hour worked. *See* FLSA, § 207(a)(1); MWHL § 3-415(a). Further, the MWPCL requires employers to pay employees all wages due for work performed, including overtime wages, *see* MWPCL § 3-501(c)(2)(iv); *see also Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 624–25 (Md. 2014 ("Read together, [the MWHL and MWPCL] allow employees to recover unlawfully withheld wages from their employer, and provide an employee with two avenues to do so."). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* FLSA, § 203(d); *see also* MWHL § 3-401(b) (providing same definition of employer). In determining individual employer status under the FLSA, courts consider whether the purported employer had sufficient operational control of the employee, including whether the employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined rates and methods of payment; and (4) maintained employment records. *See Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 720–21 (E.D.N.C. 2009). Furthermore, an employee may have more than one employer for purposes of the FLSA. *See* 29 C.F.R. § 791.2(a) ("[i]f the facts establish that the employee is employed jointly by two or more employers, *i.e.*

5

that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employees' work for all of the joint employers during the workweek is considered as one employment for purposes of the Act.").

Additionally, the FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the statute's overtime protections; however, the burden of proving an employee is exempt is on the employer and the exemptions are construed narrowly. *See Quirk v. Baltimore County, Md.*, 895 F.Supp. 773, 777 (D. Md. 1995) (citing FLSA, § 213(a)(1)); *see also Morrison v. County of Fairfax, VA*, 826 F.3d 758, 761 (4th Cir. 2016) (referring to these exemptions as the "white collar" exemptions). Department of Labor regulations implementing the FLSA set forth general salary and job description requirements for each exemption. *See* 29 C.F.R. § 541.2 ("the status of any particular employee must be determined on the basis of whether the employee's salary *and* duties meet the requirements" of the exemptions) (emphasis added); *see, e.g.,* 29 C.F.R. § 541.100 (General rules for executive employees). While the FLSA and MWHL specify required overtime pay in terms of an hourly rate, a salaried employee is not automatically exempt. *See Desmond v. PNGI Charles Town Gaming, LLC*, 564 F.3d 688, 692 n.4 (4th Cir. 2009) (finding that employee did not meet exemption for administrative employee even though employee received a salary in excess of the statutory minimum of $455 per week); *see also Counts v. South Carolina Elec. & Gas Co.*, 317 F.3d 453, 455 (4th Cir. 2003) ("in order to be exempt from overtime pay requirements, an employee must be paid on a salaried rather than hourly basis, *and* his employment must be of a bona fide administrative, professional, or executive nature") (emphasis added); *Missel v. Overnight Motor Transp. Co., Inc.*, 126 F.2d 98, 109 (4th Cir. 1942) ("Although the [FLSA]

only establishes hourly wage standards, it has been uniformly interpreted as covering salaried workers as well as employees paid on an hourly basis.").

Plaintiff began working at Green Wireless in May 2013 and was initially paid on an hourly basis. *Id.* at ¶¶ 16–17. In December 2013, she was put on an $800 bi-weekly salary, and in March 2013, that salary was increased to $1,000. *Id.* at ¶ 17. In addition to her salary, Plaintiff was also paid a commission of roughly $100 per month. *Id.* Plaintiff frequently worked in excess of forty hours per week, often between fifty and seventy-five hours per week, but she was never paid overtime wages for the excess hours. *Id.* at ¶¶ 18–20. Plaintiff claims that Pak, as co-manager of Green Wireless, had the power to hire, fire, suspend, and otherwise discipline Plaintiff. *Id.* ¶ 15. Plaintiff states that she was a clerk but does not provide a detailed account of her job responsibilities in support of her assertion that she was not exempt from the minimum wage and overtime pay protections of the FLSA. *Id.* ¶¶ 16, 21. However, these exemptions are affirmative defenses that an employer may raise in response to a claim for overtime wages. *See Ketner v. Branch Banking and Trust Co.*, 143 F. Supp. 3d 370, 382 (M.D.N.C. 2015) (denying motion to dismiss because "exemptions are affirmative defenses and must be narrowly construed against the employer with the employer bearing the burden of proof"). Because the job responsibilities that would otherwise implicate these exemptions are not apparent from the face of the Complaint, and Defendants Green Wireless and Pak have not responded to the Complaint to argue otherwise, Plaintiff's allegations are assumed to be true and the Court finds that Defendants Green Wireless and Pak failed to pay Plaintiff overtime wages in violation of the FLSA, MWHL, and MWPCL.

### B. Damages

Under the FLSA and MWHL, an employee may recover damages in the amount of unpaid overtime wages, as well as liquidated damages equal to the unpaid wage damages. *See* FLSA, § 216(b); MWHL § 3-427(d) (providing for liquidated damages unless employer can prove that failure to pay overtime was in good faith). The statute of limitations under the FLSA is two years but may be extended to three if the employer's failure to pay overtime was willful, § 255(a), and three years under the MWHL as a matter of course. *See* Md. Code Cts. & Jud. Proc. § 5-101. Additionally, under the MWPCL, the Court may award a successful plaintiff additional damages of "an amount not exceeding three times the [unpaid] wages" if the employer's violation of the MWPCL is not the result of a *bona fide* dispute about whether the wages are due. *See* § 3-507(b)(1). *See Admiral Mortg., Inc. v. Cooper*, 745 A.2d 1026, 1034–36 (Md. 2000) (treble damages under the MWPCL is at the discretion of the fact-finder and serves the dual purpose of compensating employees for consequential losses and penalizing employers who withhold wages without colorable justification).

Plaintiff alleges that over the course of her employment, she was paid a flat hourly or weekly salary regardless of hours worked and is therefore entitled to unpaid overtime in the amount of one and one half times her hourly rate for each hour over forty. On default judgment, the Court may award damages without a hearing if the record supports the damages requested. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2012). Plaintiff provides an affidavit and accounting of her overtime hours with her motion, listing total hours worked, the corresponding hourly rate, and overtime wages owed on a weekly basis from October 2013

through September 2014.² *See* ECF Nos. 47-2; 47-3. While Plaintiff does not provide the Court with employer-provided pay records, Plaintiff's accounting provides sufficient detail to allow the Court to determine her damages. *See Monge*, 751 F. Supp. 2d at 798 (citing *Lopez v. Lawns 'R' Us*, No. DKC–07–2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) ("In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [her] improperly compensated work as a matter of just and reasonable inference.")) (internal citation and quotation omitted).

Plaintiff further alleges that Defendants' failure to pay overtime was knowing, willful, in bad faith, and not the result of a *bona fide* dispute. *Id.* at ¶¶ 30, 34, 40; *see also Peters*, 97 A.3d at 627 (Md. 2014) (employers maintain burden to show that the MWPCL violation was the result of a *bona fide* dispute).³ According to Plaintiff's damages calculations, Plaintiff is owed $2,017.84 in overtime wages and requests treble damages in accordance with the MWPCL in the

---

² Plaintiff was paid an hourly rate of $8.50 through November 2013 and claims she is owed an additional $4.25 for each hour worked over forty in a given workweek. Starting in December of 2013, Plaintiff was paid a weekly rate of $400 or $500. In establishing overtime owed as a salaried employee, Plaintiff calculates an effective hourly rate by dividing her weekly rate by the total number of hours worked in a given week and then requests half of that effective hourly rate for each hour worked over forty. Although Plaintiff claims that she is owed overtime at a rate of one and one half times her hourly rate in her Motion, Plaintiff appears to calculate this overtime owed by the "fluctuating workweek method." *See Hills v. Entergy Operations, Inc.*, 866 F.3d 610, 614 (5th Cir. 2017) (under the fluctuating workweek method, "the regular rate of pay is determined by examining each week individually and dividing the salary paid by the number of hours actually worked (because the salary was intended to compensate whatever number of hours that happened to be)."). The Fourth Circuit has recognized the fluctuating workweek method as "an alternate means by which an employer can determine its employees' regular and overtime rate of pay" rather than the standard time-and-a-half overtime compensation under the FLSA and held that under the fluctuating work week method "the employee must receive a fifty percent overtime premium in addition to the fixed weekly salary for all hours that the employee works in excess of forty during that week." *See Griffin v. Wake County*, 142 F.3d 712, 715 (4th Cir. 1998) (citing *Flood v. New Hanover County*, 125 F.3d 249, 252 (4th Cir. 1997)); *see also Rigney v. Wilson & Co.*, 61 F.Supp. 801, 803 (S.D. W.V. 1945) (determining an overtime rate for an employee paid a weekly salary "by dividing the weekly salary by the total number of hours worked in each separate week and using the figure so obtained as the hourly rate of pay for that week" and awarding "overtime pay at one-half the hourly rate for work in that week in excess of 40 hours"). Because the fluctuating workweek method is a permissible means of calculating overtime damages for a salaried employee, the Court will accept the calculations underlying Plaintiff's damages request.

³ In the *Consent Judgment Opinion*, the Court determined that a *bona fide* dispute existed under the FLSA because Shin contended that Plaintiff was a manager and exempt from overtime pay. 2016 WL 1562902, at *2. However, Defendants Green Wireless and Pak have not answered the Complaint, and the Court will not construe Shin's arguments their favor.

amount of $6,053.52. *See* ECF No. 47-3. Because Defendant Shin has satisfied $3,000.00 of that amount, Defendants Green Wireless and Pak are liable for the remaining $3053.52. *See, e.g., Chisholm v. UHP Projects, Inc.* 205 F.3d 731, 737 (4th Cir. 2000) (the equitable doctrine of the "one satisfaction rule" "operates to reduce a plaintiff's recovery from the nonsettling defendant to prevent the plaintiff from recovering twice from the same assessment of liability" suffered from a single, indivisible harm); *Scapa Dryer Fabrics, Inc. v. Saville*, 16 A.3d 159, 180–81 (Md. 2011) (noting that a nonsettling joint tort-feasor is entitled to a reduction on a claim against it when the plaintiff has entered into a release with another joint tort-feasor).

Plaintiff, as the prevailing party, is also entitled to reasonable attorney's fees. *See* FLSA, § 216(b). The Court previously determined that Plaintiff is entitled to reasonable attorney's fees and costs of $16,411.00. *See Attorney's Fees Opinion*, 2016 WL 7451297. Because the Court now rules in favor of Plaintiff against Defendants Green Wireless and Pak, all Defendants are jointly and severally liable for this fee award, which may be revised should any defendant reinstate the recently-dismissed appeal.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Default Judgment, ECF No. 47, shall be granted. A separate Order follows.

Dated: March 8, 2018

_____
GEORGE J. HAZEL
United States District Judge