IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DIANA C. BERRIOS,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-3655 |
| | * | |
| **GREEN WIRELESS, LLC. et al.,** | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Over two years ago, this Court awarded attorneys' fees to Plaintiff Diana C. Berrios after entering judgment against Defendant Michael Shin pursuant to this action to recover overtime wages. ECF No. 36. As part of that order, the Court dismissed Co-Defendants Green Wireless, LLC ("Green Wireless") and Michael Pak from the case. *Id*. Shin appealed the award of attorneys' fees to the Fourth Circuit; at the same time, Berrios filed a motion to vacate the Court's dismissal of Green Wireless and Pak. ECF Nos. 37, 40. The parties prepared to brief the case in the Fourth Circuit, but once the Court granted Berrios' motion to vacate the dismissal or Pak and Green Wireless, ECF No. 42, the earlier order granting attorneys' fees was no longer a final order from which Shin could appeal. *See* ECF No. 45-1 at 4.[1] Because it was also not an immediately appealable collateral order, the Fourth Circuit dismissed the appeal for lack of jurisdiction. *Id*. Upon remand, Plaintiff secured a default judgment as to Green Wireless and Pak. ECF No. 49. Plaintiff has now filed another motion seeking attorneys' fees in relation both to the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

default judgment secured against Pak and Green Wireless, and to the briefing in the Fourth Circuit.

I. DISCUSSION

The FLSA requires the payment of reasonable attorneys' fees and costs to prevailing employees. *Randolph v. Powercomm Constr., Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017). An employee is a "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is a "generous formulation." *Id*. Furthermore, a district court has "discretion over the proper allocation of a fee award among multiple defendants." *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 958, 977 (4th Cir. 2015).

First, Plaintiff seeks fees from Shin for work related to the Motion for Default Judgment filed against Pak and Green Wireless. At the time that work was performed, all of the claims against Shin had been resolved, with the exception of the pending appeal of the Court's first attorneys' fee award. Plaintiff argues that Shin should nonetheless be held liable for these fees because Shin appealed the first attorneys' fee award. This argument is not persuasive. By her own words, Plaintiff sought to secure a default judgment against Pak and Green Wireless in case Shin "declares bankruptcy or is otherwise unable to satisfy the award of attorney's fees." ECF No. 40 at 3. Shin's choice to appeal the attorneys' fee award added no additional incentive for Plaintiff to secure a default judgment against Pak and Green Wireless, so it would be improper to award fees to Shin related to that motion.

Second, Plaintiff seeks fees in connection with the work performed on the Fourth Circuit appeal. There can be no question that "[p]revailing plaintiffs in FLSA cases are entitled to attorneys' fees for prosecuting or defending appeals." *See, e.g., Velez v. Vassallo*, 203 F. Supp. 2d 312, 315 (S.D.N.Y. 2002). But to qualify as prevailing, a plaintiff "must show at least some

success *on the merits*." *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) (emphasis added). Plaintiffs are now seeking attorneys' fees for appellate work performed defending the prior award of attorneys' fees, but they have not shown success on the merits with regards to the appeal, as opposed to merely with regards to the underlying FLSA claim.

The Fourth Circuit's reasoning in *Bly* is instructive. There, a group of plaintiffs appealed the district court's dismissal of their constitutional claims. *Id*. at 136. The Fourth Circuit vacated and remanded the case without expressing any opinion on the merits because it could not determine the basis for the district judge's decision. *Id*. After their case became moot before the district court could reach the merits, the plaintiffs contended that the remand of the case was sufficient to render them the prevailing party in the case. *Id*. at 137. The Fourth Circuit rejected this argument, finding the lack of an opinion on the merits dispositive. *Id*.

Here, the Fourth Circuit has dismissed the appeal for lack of jurisdiction, and thus has offered no opinion as to its merits. Crucially, the question as to the merit of the Court's fee award remains a live controversy, and it will remain live until either the Fourth Circuit renders an opinion or until Defendant chooses not to file a notice of appeal. Until one of these eventualities comes to pass, Plaintiff's fee petition is premature.

## II. CONCLUSION

Plaintiff's Motion for Attorneys' Fees, ECF No. 50, is denied with prejudice in part, and without prejudice in part. Plaintiff's Motion to Stay, ECF No. 54, is denied as moot. A separate order shall issue.

Dated: February 8, 2019

/s/
GEORGE J. HAZEL
United States District Judge